UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**,

    Plaintiff,                                          CASE NO.: 07-20563-Cr-**Graham**

    -vs-

**JESUS CERVANTES-GUZMAN,**

    Defendant.

_____/

**DEFENDANT'S OBJECTIONS TO
THE PRE-SENTENCE INVESTIGATION REPORT**

**COMES NOW** the Defendant, **JESUS CERVANTES-GUZMAN**, by and through his undersigned counsel, pursuant to Section 6A1.2 of the Final Draft of the Sentencing Guidelines and Policy Statement, and pursuant to Administrative Order 90-26, hereby submits his Objections to the Pre-Sentence Investigation Report (PSI) prepared in this case, and in support thereof states as follows:

1. As to paragraph eight (8) at page five (5) of the PSI, it is the Defendant's position that an adjustment for a mitigating role is appropriate under the facts of this case, and that said adjustment should be at least two (2) levels for minor role.

2. As to paragraph fifteen (15) at page six (6) of the PSI, it is the Defendant's position that the Base Offense Level should be twenty-six (26) because the offense involved possession with intent to distribute two (2) kilograms of cocaine.

3. As to paragraph eighteen (18) at page six (6) of the PSI, it is Mr. Cervantes-Guzman's position that he should receive an adjustment for role in the offense in this case pursuant to U.S.S.G. §3B1.1, and that the adjustment should at the very least be two (2) levels for minor role, if not four (4) levels for a minimal participant.

4. Application Notes two (2) of the Commentary to § 3B1.2 of the Federal Sentencing Guidelines states that a downward adjustment for a minimal participant applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group.  Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minor participant.

5. In the case at bar, Mr. Cervantes-Guzman had no knowledge or understanding of the scope and structure of the enterprise and of the activities of others.

6. Un-indicted Co-conspirator "El Camaleon" was the person who made arrangements with the Confidential Informant (C.I.) for the C.I. to provide cocaine to Bernal, including the price for the cocaine.  "El Camaleon" was the person who made the decisions of what person would meet with the C.I. in order to obtain the cocaine.  Bernal and the C.I., in turn, coordinated the terms of the deal, such as the quantity, the price, the date, time and place of the transaction.

7.   Mr. Cervantes-Guzman' role in the conspiracy was not vital or indispensable.

**WHEREFORE**, the Defendant, **Jesus Cervantes-Guzman**, respectfully requests that this Court find that the base offense level should start at level twenty-six (26), plus a downward adjustment of a minimum of two (2) levels for role in the offense; and find that a sentence at the low end of the guidelines is an appropriate sentence and just punishment for the Defendant's actions in this cause.

Respectfully submitted,

**BATISTA & BATISTA, P.A.**
Attorneys for the Defendant
7171 Coral Way, Suite 400
Miami, Florida  33155
Telephone: (305)  267-5139

By:   ___/s/__ Jose' R.E. Batista_____
**Jose' R.E. Batista, Esq.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Instrument was filed with the Clerk of the Court using **CM/ECF**; and sent to U.S. Probation Officer **Maria L. Monge**, at the United States Probation Office, located at 300 N.E. 1st Avenue, Room 315, Miami, Florida  33132-2126; on this 21st day of  December, 2007.


/s/
**COUNSEL**